UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BROWNE & APPEL, LLC, a New Jersey Limited Liability Company; SIR PAUL REALTY, LLC, a Delaware Limited Liability Company; ALEXANDER SIROTKIN; and PAUL SIROTKIN,

Plaintiffs,

- against -

TEDDY LICHTSCHEIN a/k/a Tzvi Lichtschein, and ELIEZER SCHEINER a/k/a Eli Scheiner, and 455 HOSPITALITY, LLC, a New York Limited Liability Company;

Defendants.

JUDGE SEIBEL

13 CV 5171

Case No:

JURY TRIAL DEMANDED

COMPLAINT

PLAINTIFFS BROWNE & APPEL, LLC ("B&A"), SIR PAUL REALTY, LLC; ALEXANDER SIROTKIN, and PAUL SIROTKIN ("Plaintiffs" or the "Sirotkins") by their undersigned counsel, as and for their Complaint against Defendants TEDDY LICHTSCHEIN a/k/a Tzvi Lichtschein; ELIEZER SCHEINER a/k/a Eli Scheiner ("Defendants"); and 455 HOSPITALITY, LLC, allege as follows:

### Parties

1. Plaintiff Alexander Sirotkin is an individual who resides in the State of New Jersey.

2. Plaintiff Paul Sirotkin is an individual who resides in the State of South Carolina. Paul Sirotkin is Alexander Sirotkin's father.

3. Plaintiff B&A is a New Jersey limited liability company with an address c/o Alexander Sirotkin, 588 Valley Street, Maplewood, NJ 07040. At all relevant times, B&A

has been wholly owned and controlled, either directly or indirectly, by members of the Sirotkin family. Currently, Plaintiff Alexander Sirotkin is Trustee of a trust that owns 100% of B&A.

4. Plaintiff Sir Paul Realty, LLC ("SPR") is a Delaware limited liability company with an address c/o Alexander Sirotkin, 588 Valley Street, Maplewood, NJ 07040. At all relevant times, B&A has been wholly owned and controlled, either directly or indirectly, by members of the Sirotkin family.

5. Upon information and belief, Defendant Lichtschein is a resident of the State of New York and has an address within this judicial district at 2 Lacey Court, Spring Valley, NY 10977 and an additional address at 1164 East 23rd Street, Brooklyn, NY.

6. Upon information and belief, Defendant Scheiner is a resident of the State of New York and has an address within this judicial district located at 5 Celia Court, Suffern, New York 10901 as well as an addresses at 1533 E 28th Street, Brooklyn, New York 11229. Pursuant to one or more of the personal guarantees that are the subject of this action, Defendant Scheiner has an address c/o Jonathan Gross, Esq., 4512 Farragut Road, Brooklyn, NY 11203.

7. Defendant 455 Hospitality LLC ("455 Hospitality") is a New York Limited Liability Company that owns and operates the hotel known as the Doubletree by Hilton Hotel Tarrytown (the "Hotel") located at located at 455 South Broadway, Tarrytown, New York, and its principal place of business is at that location.

## Jurisdiction and Venue

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because this is a suit between citizens of different states and the amount in controversy is in excess of $75,000 exclusive of interest and costs.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because, upon information and belief, all defendants reside in this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred there. Venue is also proper in this District because the operative notes and guarantees described below contain choice-of-venue provisions stating that the parties consent to venue in the State of New York.

## FACTS

### *Startup*

10. 455 Hospitality acquired the Hotel in or about February 2005. At the outset, the members of 455 Hospitality were:

| | |
|---|---|
| Sirotkins (B&A) | 16.66% |
| Lichtschein/Scheiner (8.33% each) | 16.66% |
| Leib Puretz | 16.66% |
| Jordan, LLC ("Jordan") | 50.02% |

This ownership structure reflected the parties' intent that there were to be three equal "groups" that went into business together: (i) the Sirotkins (through B&A); (ii) Lichtschein/Scheiner; and (iii) Puretz, with Jordan as the Manager of 455 Hospitality.

11. Under the 455 Hospitality Operating Agreement, Jordan, a New York limited liability company, is and has been the Manager of 455 Hospitality.

12. The members of Jordan and their respective ownership interests are: Alexander Sirotkin (55%), Lichtschein (12.5%), Scheiner (12.5%), and non-party Eliahu Spitzer (a/k/a Eliot Spitzer) (20%). The Jordan operating agreement requires a 60% majority to take action on most matters.

13. In connection with the acquisition and startup of the business venture, the three ownership groups committed to be responsible in equal shares for the startup costs. At the

3

outset however, it was perceived that Lichtschein and Scheiner did not have sufficient funds to contribute equally to the startup and would need to borrow money from the others. Therefore, the other parties contributed a portion of the startup costs on their behalf, and Lichtschein and Scheiner agreed to pay those funds back.

14. To memorialize that fact, on or about February 15, 2005, Lichtschein and Scheiner executed a Note in favor of B&A pursuant to which B&A loaned $750,000 to Lichtschein and Scheiner, and Lichtschein and Scheiner promised to repay that amount to B&A, plus annual interest at a rate of 6% (the "2005 L/S Note").

15. Also on or about February 15, 2005, 455 Hospitality issued a Note in the amount of $3.745 million payable to the Sirotkins, with interest at a rate of thirteen percent (13%) per annum (the "$3.745 Million Note"). Puretz gave the Sirotkins a personal guarantee in connection the $3.745 Million Note.

### *Operations*

16. In or about June 2005, the Hotel flooded, suffered extensive physical damage, and was closed for repairs and renovations.

17. As a result of the flood, 455 Hospitality needed substantial cash infusions to perform repairs and remodeling in order to reopen the Hotel. The Sirotkins provided substantial funding to 455 Hospitality in order to pay for the work at the Hotel and for ongoing Hotel operations.

18. On or about March 29, 2006, Lichtschein and Scheiner personally guaranteed the repayment of one-third (1/3) of the $3.745 Million Note (the "$3.745 Million Guaranty"). This one-third guarantee reflected the fact that Lichtschein and Scheiner represented one of the three

interests in the hotel (with the Sirotkins and Puretz representing the other two) and that Lichtschein and Scheiner should only personally guarantee their proportionate share.

19. Thereafter, Puretz ran into financial difficulties and failed and refused to provide financial support to the Hotel and, in essence, walked away from the business. B&A sued Puretz under his personal guarantee to B&A and ultimately assumed Puretz's interests in 455 Hospitality. With Puretz effectively out of the picture, there were (and remain) only two groups actively involved in the ownership of 455 Hospitality: (i) the Sirotkins; and (ii) Lichtschein and Scheiner. The members' respective percentage interests in 455 Hospitality became (and remain) as follows:

>  Sirotkins (B&A).....................33.22%
>  Lichtschein/Scheiner.............16.66%
>  Jordan...................................50.02%

20. Thereafter, the Sirotkins began to provide funding to 455 Hospitality far in excess of the amounts provided by Lichtschein and Scheiner:

> (a) In 2006, the Sirotkins provided roughly $4.45 million in funding, compared to Lichtschein and Scheiner's funding of approximately $3.37 million.
>
> (b) In 2007, the Sirotkins provided roughly $4.06 million in funding, compared to Lichtschein and Scheiner's funding of approximately $3.27 million.
>
> (c) In 2008, the Sirotkins provided roughly $7.64 million in funding, compared to Lichtschein and Scheiner's funding of only about $1.94 million.
>
> (d) In 2009, the Sirotkins provided roughly $2.3 million in funding, compared to Lichtschein and Scheiner's funding of about $1.6 million.

21. After 2009, Lichtschein and Scheiner began to contribute more to 455 Hospitality than the Sirotkins have, but the Sirotkins' total contributions still surpass the Defendants' contributions by millions of dollars.

### *The SPR Transaction*

22. In 2007, Lichtschein and Scheiner encouraged the Sirotkins to provide additional funding to 455 Hospitality in a lump sum.

23. In order to effectuate that funding, and at the behest of Lichtschein and Scheiner, by agreement dated as of July 30, 2007, Plaintiff SPR entered into an agreement with 455 Hospitality pursuant to which SPR purchased the ground lease for the Hotel for $3 million (the "SPR Transaction"). The structure of the SPR Transaction was that SPR would provide $3 million to 455 Hospitality, which would then pay SPR ten percent (10%) interest per annum ($25,000 per month) denominated as rent to SPR under a sublease.

24. The terms of the SPR Transaction further provided that SPR had the option to cause 455 Hospitality to repurchase the ground lease under certain circumstances and, in addition, provided that 455 Hospitality had the option to repurchase the ground lease at any time after July 31, 2008. In either event, the repurchase price was set at $3 million, subject to certain adjustments not relevant here.

25. In connection with the SPR Transaction, Lichtschein and Scheiner personally guaranteed repayment of one-half (50%) of the repurchase price called for in the July 30, 2007 agreement, i.e. one-half of $3 million (the "SPR Guaranty").

26. Immediately upon the transfer by the Sirotkins of $3 million to 455 Hospitality in connection with the SPR Transaction, Defendants Lichtschein and/or Scheiner took $1 million out of 455 Hospitality. Upon information and belief, this transfer of $1 million out of

6

455 Hospitality was for Lichtschein and/or Scheiner's personal use and/or for use in connection their related business interests.

27. Pursuant to the terms of the SPR Transaction, 455 Hospitality paid SPR $25,000 per month through December 2008. After that, the payments stopped.

28. On or about February 11, 2009, in order to assure full compliance with 455 Hospitality's covenants under its then-operative credit agreements, SPR and 455 Hospitality agreed to terminate the sublease of the ground lease under the SPR Transaction.

29. On July 22, 2013, SPR demanded that 455 repurchase the ground lease.

30. 455 Hospitality has not paid the repurchase price under the terms of the SPR Transaction.

### *The 2008 Guaranty*

31. On or about January 29, 2008, in order to induce the Sirotkins to continue to provide substantial funding to 455 Hospitality, Lichtschein and Scheiner entered into a "Members Security Pledge and Personal Guarantees" in which they jointly and severally guaranteed the repayment of one half (50%) of certain "New Advances" made by Alexander Sirotkin, Paul Sirotkin, and B&A to 455 Hospitality (the "2008 Personal Guaranty").

32. Pursuant to the terms of the 2008 Personal Guaranty, such New Advances were to be repaid to the Sirotkins with interest at the rate of 13% per annum.

33. In the 2008 Personal Guaranty, Lichtschein and Scheiner acknowledged prior advances made by the Sirotkins to 455 Hospitality in the approximate amount of $11.6 million (including the $3 million attributable to the SPR Transaction) as well as approximately $607,000 in accrued and unpaid interest owed to the Sirotkins.

7

112026_4

34. In the 2008 Personal Guaranty, Lichtschein and Scheiner acknowledged that the New Advances that were the subject of the 2008 Personal Guaranty totaled, as of the date of the 2008 Security Pledge and Personal Guarantees, $800,000.

35. New Advances covered by the 2008 Personal Guaranty total approximately $9,935,500, plus accrued and unpaid interest.

36. Pursuant to the terms of the 2008 Personal Guaranty, Defendants agreed to pledge their stock, shares or any and all of their interests in their other business enterprises, as well as their member interests in 455 Hospitality to secure their personal guarantees to the Sirotkins under the 2008 Security Pledge and Personal Guarantees.

37. No portion of the "New Advances" have been repaid to the Sirotkins.

### First Cause of Action
### By B&A Against 455 Hospitality
### Under the $3.745 Million Note

38. Plaintiffs incorporate by reference all of the previous allegations made herein.

39. By reason of the foregoing, Defendant 455 Hospitality is liable under the $3.745 Million Note to B&A in the amount of $3.745 million, plus interest at a rate of ten percent (13%) per annum, plus costs, expenses, and attorneys' fees as called for in the $3.745 Million Note.

### Second Cause of Action
### By B&A Against Lichtschein and Scheiner
### Under the $3.745 Guaranty

40. Plaintiffs incorporate by reference all of the previous allegations made herein.

41. By reason of the foregoing, the Defendants Lichtschein and Scheiner are liable to B&A under the $3.745 Million Guaranty in the amount of $3.745 million, plus interest at a rate of ten percent (13%) per annum, plus costs, expenses, and attorneys' fees as called for in the $3.745 Million Guaranty.

### Third Cause of Action
### By SPR Against 455 Hospitality
### Pursuant to the SPR Transaction

42.  Plaintiffs incorporate by reference all of the previous allegations made herein.

43.  By reason of the foregoing, Defendant 455 Hospitality is liable for the repurchase price in connection with the SPR Transaction, and Plaintiff SPR is entitled to judgment in the amount of $3 million, plus interest from February 11, 2009 at a rate of ten percent (10%) per annum, plus costs, expenses, and attorneys' fees as called for in the SPR Transaction documents.

### Fourth Cause of Action
### By SPR Against Lichtschein and Scheiner
### Pursuant to the SPR Guaranty

44.  Plaintiffs incorporate by reference all of the previous allegations made herein.

45.  By reason of the foregoing, the Defendants Lichtschein and Scheiner are liable under the July 30, 2007, Guaranty for one-half (50%) of the repurchase price under the SPR Transaction, and Plaintiff SPR is entitled to judgment in the amount of $1.5 million, plus interest from February 11, 2009 at a rate of ten percent (10%) per annum, plus costs, expenses, and attorneys' fees as called for in the Guaranty.

### Fifth Cause of Action
### By B&A, Alexander Sirotkin, and Paul Sirotkin
### Against Lichtschein and Scheiner Under
### the 2008 Personal Guaranty

46.  Plaintiffs incorporate by reference all of the previous allegations made herein.

47.  By reason of the foregoing, Plaintiffs Alexander Sirotkin, Paul Sirotkin, and B&A are entitled to judgment:

> (i)  against Defendants Lichtschein and Scheiner, jointly and severally, for one half (50%) of the "New Advances," an amount believed to be in

excess of $4,968,750, plus interest at a rate of 13% per annum, plus, costs, expenses, and attorneys' fees to the full extent called for in the 2008 Personal Guaranty; and

(ii) (ordering, adjudging, and decreeing that Defendants Lichtschein and Scheiner shall deliver to the Sirotkins the security identified in the 2008 Security Pledge and Personal Guarantees, including but not limited to their membership interests in 455 Hospitality and their stock, shares or any and all of their interests in their other business enterprises sufficient to secure the indebtedness.

WHEREFORE, Plaintiffs are entitled to judgment:

(i) awarding Plaintiffs damages in an amount to be determined at trial, plus interest, costs, expenses, and attorneys' fees to the fullest extent permitted under the parties' agreements and by law;

(ii) ordering, adjudging, and decreeing that Plaintiffs are entitled to, and Defendants Lichtschein and Scheiner shall deliver to the Sirotkins, the security identified in the 2008 Security Pledge and Personal Guarantees, including but not limited to the Defendants' membership interests in 455 Hospitality and Defendants Lichtschein and Scheiner's stock, shares or any and all of their interests in their other business enterprises sufficient to secure the indebtedness; and

(iii) awarding such other relief as may be just and proper.

Dated: New York, New York
July 23, 2013

DILWORTH PAXSON, LLP

By: *Gregory A. Blue* (signature)
Gregory A. Blue
99 Park Avenue, Suite 320
New York, NY 10016
(917) 675-4252 (telephone)
(212) 208-6874 (facsimile)
gblue@dilworthlaw.com

10

112026_4